Fred W. REAMS and Karen
Reams, Petitioners,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

No. 49T10–9204–TA–00024.

Tax Court of Indiana.

June 18, 1993.

John R. Rumple, Sharpnack Bigley David
& Rumple, Columbus, for petitioners.

Pamela Carter, Atty. Gen., Marilyn S.
Meighen, Deputy Atty. Gen., Indianapolis,
for respondent.

FISHER, Judge.

The Petitioners, Fred and Karen Reams,
appeal the final determination of the Re-
spondent, the State Board of Tax Commis-
sioners (the State Board), assessing the

Reamses' Bartholomew County residence for the March 1, 1989 assessment. The sole issue for the court's review is whether the State Board abused its discretion in refusing to grant the Reamses' Form 133 Petition for Correction of Error.

## FACTS AND PROCEDURAL POSTURE

The Reamses own a large home in Bartholomew County. After the 1989 general reassessment, the home was given a grade and design factor of "A + 8." In early 1991, believing the factor was too high, they filed a Form 134 Petition for Reassessment with the State Board for the 1991–92 tax year. The State Board granted the petition and reduced the factor to "A + 4."

In October 1991, the Reamses filed a Form 133 Petition for Correction of Error, requesting a retroactive reduction of the grade and design factor for 1989. They did not request relief for 1990. The State Board denied the requested relief and the Reamses now appeal.

## DISCUSSION AND DECISION

At the outset, the court notes a final determination of the State Board will be reversed only if it is not supported by substantial evidence, exceeds statutory authority, is an abuse of discretion, or is arbitrary and capricious. *Wirth v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 613 N.E.2d 874, 875–76 (citing *Hatcher v. State Bd. of Tax Comm'rs* (1992), Ind.Tax, 601 N.E.2d 19, 20). Accordingly, the court grants the State Board a great deal of deference when acting within the scope of its authority. *Id.* (citing *Centrium Group v. State Bd. of Tax Comm'rs* (1992), Ind. Tax, 599 N.E.2d 242, 243).

The Reamses claim they are entitled to a retroactive extension of the reduction in their grade and design factor. The grade and design factor is an assessment of the "quality of materials and design of a dwelling." 50 I.A.C. 2.1–3–2(b). The factor is quantified according to 50 I.A.C. 2.1–3–4(f), but "the selection of the proper grade calls upon the judgment of the assessor." 50 I.A.C. 2.1–3–2(b). In other words, the grading of a residence is a subjective process.

Taxpayers wishing to appeal subjective questions have two avenues open to them. First,

[a] taxpayer may obtain a review by the county board of review of a county or township official's action with respect to the assessment of the taxpayer's tangible property if the official's action requires the giving of notice to the taxpayer.... In order to obtain review of the action, the taxpayer must file a petition with the auditor of the county in which the action is taken within thirty (30) days after notice of the official's action is given to the taxpayer.

IND.CODE 6–1.1–15–1(a). Review by the county board of review is initiated by filing a Form 130 petition, 50 I.A.C. 4.1–1–11 (repealed, now 50 I.A.C. 4.2–3–3), which provides a taxpayer with an opportunity to mount a comprehensive challenge to both objective and subjective errors in the assessment.

If the taxpayer is dissatisfied with the county board of review's disposition of a Form 130 petition, appeal to the State Board is available by filing a Form 131 petition for review of assessment within thirty (30) days after the county board of review gives notice of its action. *Id.;* IND. CODE 6–1.1–15–3(c). The Form 131 petition is filed with the county auditor, who is required to transmit the petition to the State Board. IC 6–1.1–15–3(e). Before issuing its decision, the State Board is required to conduct a hearing on the Form 131 petition. IND.CODE 6–1.1–15–4(a).

The Form 130 petition is a predicate to the Form 131 petition. IC 6–1.1–15–3. Therefore, if a taxpayer misses the thirty day post-notice deadline for the Form 130 petition, the Form 130 and Form 131 review process is no longer available. In 1989, a general reassessment of all the property in Indiana took effect. IND. CODE 6–1.1–4–4(a) (prior to amendment by P.L. 332–1989, § 3). Under a general reassessment, notice to taxpayers of the action taken with respect to their property is re-

quired by IND.CODE 6–1.1–4–22; consequently, taxpayers were entitled to seek review through Form 130/131 petitions. With every right, however, comes a responsibility. A taxpayer desiring a subjective change of a general reassessment for the entire four year period the reassessment is effective, must file the Form 130 within the thirty day limit. IC 6–1.1–15–1(a). A taxpayer's failure to comply with the terms of the statute is not, despite the Reamses' argument, the fault of the State Board. The Reamses never filed a Form 130 petition, and the relief that petition might have provided is now unavailable retrospectively.

Because actions requiring notice do not occur every year, the Form 130/131 review process is not automatically applicable to every year. A taxpayer may, however, pursue the second avenue of subjective relief by filing a Form 134 petition for reassessment with the State Board "on or before March 31st of any year which is not a year in which a general reassessment of real property becomes effective." IND. CODE 6–1.1–4–7. The State Board is required to hold a hearing on the Form 134 petition, and may thereafter recommend a reassessment. IND.CODE 6–1.1–4–8. Like the Form 130/131 petitions, a Form 134 petition offers relief for both subjective and objective questions. This was the process the Reamses used to obtain relief for 1991–92.

■ The relief allowed by a Form 133 petition, however, is more limited than that allowed by the other petitions.

The taxpayer may file a petition for correction of error, Form 133:

when the taxes as a matter of law were illegal,

when there was a mathematical error in computing the assessment, or

when there was an error or omission by any state or county official and the taxpayer was not given an exemption or deduction permitted by law.

(A) COUNTY AUDITOR. The petition should be filed with the county auditor in the county where the assessment was made.

50 I.A.C. 4.1–1–14 (repealed, now 50 I.A.C. 4.2–3–12); *see* IND.CODE 6–1.1–15–12(a)(6) through (8). A Form 133 petition is available for only those errors "which can be corrected without resort to subjective judgment." *Hatcher v. Indiana State Bd. of Tax Comm'rs* (1990), Ind.Tax, 561 N.E.2d 852, 857; IND.CODE 6–1.1–15–12; 50 I.A.C. 4.1–1–14 (repealed, now 50 I.A.C. 4.2–3–12).

■ The Reamses acknowledge the limitations on Form 133 petitions. They nonetheless claim Form 133 is an appropriate vehicle for their complaint because the relief they seek is merely an extension of the relief they received under their earlier Form 134 petition. True enough, application of the previous relief would require only an objective computation. But that alone does not mean the previous relief was made to correct an objective "error" as contemplated by Form 133. Rather, the previous relief was the result of a specifically requested reassessment, in which the State Board, using its subjective judgment, redetermined the grade and design factor of the Reamses' residence.

In *Hatcher*, 561 N.E.2d 852, the court definitively rejected the idea that a Form 133 petition under IC 6–1.1–15–12 can be used to cure any subjective error. *Id.* at 857. To allow any other reading of IC 6–1.1–15–12 would render the statutory basis for Form 134 petitions, IND.CODE 6–1.1–4–7, meaningless. *Id.* at 856. To allow Form 133 petitions to have the retroactive subjective effect the Reamses desire would also vitiate IND.CODE 6–1.1–15–1 through 5, which create the procedures for Form 130/131 petitions.

■ The Reamses' interpretation would allow taxpayers to nullify the time limits on the Form 130/131 process by using a combination of Form 134 and Form 133. The court, however, cannot presume the legislature intended to enact a nullity. *Monarch Steel Co. v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 611 N.E.2d 708, 713 (citing *Hinshaw v. Board of Comm'rs* (1993), Ind., 611 N.E.2d 637, 638). On the

contrary, the legislature has created specific statutory procedures for relief, and the court is obliged to give those procedures their plain, ordinary, and usual meaning. *See id.*, (citing *Maurer v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 607 N.E.2d 985, 987). There are other compelling reasons Form 133 petitions are limited to objective errors, as well.

The errors capable of remedy under Form 133 are errors which, if uncorrected, can amount to a denial of due process or equal protection. For example, the absence of a mechanism to provide a remedy for a mathematical error or an illegal assessment could not withstand constitutional scrutiny. Math errors are immutable; they do not change with time, and are therefore always curable. Similarly, the legality of an assessment is a question of law for the court, not an administrative agency, *see, e.g., State ex rel. Board of Dental Examiners v. Judd* (1990), Ind. App., 554 N.E.2d 829, 833, n. 4 (citing *Bailey v. Menzie* (1987), Ind.App., 505 N.E.2d 126), and the court must always be able to exercise its proper role. Subjective questions, on the other hand, do not raise the same issues as objective questions. Instead, their resolution is properly committed to the expertise of the administrative agency, and the court provides only a very limited scope of review to the agency's decision. *See Wirth*, at 875–76.

On another plane, questions open to litigation must eventually reach quiescence. Neither state officials nor the public could rely on budget planning if the assessment process were reduced to an endless series of negotiations on questions subject to differing reasonable interpretations. Moreover, for the State Board's regulations to have any meaningful standards for taxpayers and assessors to look to, the constant redefinition of previously settled matters must be avoided.

### CONCLUSION

The Reamses properly availed themselves of the relief created by the Form 134 petition. Their failure to timely file a Form 130 petition, however, closes that avenue of relief, and a Form 133 petition cannot be used to fill the gap.

Therefore, for all the foregoing reasons, the court AFFIRMS the final determination of the State Board.