ROTT DEVELOPMENT COMPANY,
Petitioner,

v.

STATE BOARD OF TAX COMMISSIONERS,
Respondent.

No. 45T10–9308–TA–00066.

Tax Court of Indiana.

March 20, 1995.

Timothy P. Galvin, Jr., Galvin, Galvin & Leeney, Hammond, for petitioner.

Pamela Carter, Atty. Gen., Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Rott Development Company (Rott) appeals the final determination of the State Board of Tax Commissioners (the State Board) finding that the State Board had no authority to review the action of local officials in denying Rott an economic revitalization area deduction for 1988 and disapproving Rott's petition for the correction of errors.

### ISSUES

I. Whether the State Board has authority to review local officials' denial of an untimely filed ERA deduction application under IND.CODE 6–1.1–12.1.

II. Whether the State Board has authority to review local officials' denial of an untimely filed ERA deduction application under IND.CODE 6–1.1–15–12.

### FACTS

Rott is a South Dakota general partnership registered to do business in Indiana. It owns real property located at 3910–179th Street in Hammond, Indiana. Planning to develop an 82 room motel on the property, Rott approached the Common Council of the City of Hammond (the Common Council) and asked that it designate the real property an economic revitalization area (ERA).[1] Rott sought the ERA designation in order to obtain certain property tax savings. On December 14, 1987, the Common Council declared the real property an ERA and specified that improvements on the real property would be allowed a partial "abatement of property taxes for a 10 year period ... as provided for in the Act."[2]  *Final Economic Revitalization Area Resolution* at 3 (submitted as part of the *Transcript of Proceedings Before the State Board*). The Mayor of the City of Hammond signed the resolution on

---

1. I.C. 6–1.1–12.1–1 defines an "economic revitalization area" as "an area which is within the corporate limits of a city, town, or county which has become undesirable for, or impossible of, normal development and occupancy because of a lack of development, cessation of growth, deterioration of improvements or character of occupancy, age, obsolescence, substandard buildings, or other factors which have impaired values or prevent a normal development of property or use of property."

2. I.C. 6–1.1–12.1–4(d)(3) establishes the percentages to be used in calculating a deduction allowed over a 10 year period:

| YEAR OF DEDUCTION | PERCENTAGE |
|---|---|
| 1st | 100% |
| 2nd | 95% |
| 3rd | 80% |
| 4th | 65% |
| 5th | 50% |
| 6th | 40% |
| 7th | 30% |
| 8th | 20% |
| 9th | 10% |
| 10th | 5% |

December 16, 1987, and Rott developed the motel as planned.

In April, 1989, the Lake County Auditor (Auditor) notified Rott that it was delinquent in paying its 1988 property taxes. Rott contacted the Auditor and explained that it had been granted an ERA deduction and, therefore, its taxes had been abated. The Auditor informed Rott that Rott was required to file an Application for Deduction from Assessed Valuation of Structures in Economic Revitalization Areas (Form 322 ERA or "deduction application") in order to claim the ERA deduction. Rott, however, had not filed a deduction application for 1988.

Seeking to claim an ERA deduction of 100 percent for 1989, Rott filed a deduction application on May 10, 1989. Nevertheless, because 1988 was the year in which the assessed value of Rott's property increased due to its redevelopment, the Auditor treated 1989 as the year immediately after the year in which the assessed value of Rott's property increased due to redevelopment.[3] In other words, the Auditor treated 1989 as the *second* year in the ten year deduction period and allowed only a 90 percent deduction for 1989.[4]

Believing that if it was not entitled to the 100 percent deduction for 1989, it was entitled to have the 100 percent deduction retroactively applied to 1988, Rott filed a Petition for Correction of Error (Form 133) with the Auditor pursuant to I.C. 6–1.1–15–12. The Auditor, the Lake County Assessor, and the Lake County Treasurer denied Rott's Form 133 on the ground that they had no authority to consider an untimely deduction application. In accord with I.C. 6–1.1–15–12(d), they forwarded Rott's Form 133 to the State Board. Upon review of Rott's Form 133, the State Board determined that: 1) it had no authority under I.C. 6–1.1–12.1 to review the denial of Rott's deduction application by local officials; and 2) it had authority under I.C. 6–1.1–15–12 to review Rott's Form 133, but

the errors alleged therein could not be corrected via a Form 133.

Rott filed this appeal on August 20, 1993. The case is now before the court on the State Board's motion for summary judgment. Additional facts will be provided as necessary.

## STANDARD OF REVIEW

A motion for summary judgment may be granted "only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law." *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 605 N.E.2d 1222, 1224. *See also* Ind. Trial Rule 56(C). "If no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment." *Harlan Sprague Dawley,* 605 N.E.2d at 1224.

## DISCUSSION AND ANALYSIS

### I

■ I.C. 6–1.1–12.1 sets forth the procedures a taxpayer must follow in order to obtain an ERA deduction. I.C. 6–1.1–12.1 does not, however, provide a procedure by which taxpayers may obtain review of a denial of a deduction application. *See Indianapolis Historic Partners v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 563 N.E.2d 1345, 1348. Consequently, neither the State Board nor any other official or body has express authority to review local officials' denial of a deduction application under I.C. 6–1.1–12.1, regardless of whether the deduction application was timely or untimely filed. This does not mean, however, that a taxpayer has no opportunity to appeal the denial of a deduction application. Indeed, I.C. 6–1.1–15–12 provides a procedure "by which a taxpayer may appeal a tax assessment which the taxpayer believes to be illegal or incorrect." *Id.*

### II

Under I.C. 6–1.1–15–12, a taxpayer who discovers an error in his tax duplicate may

---

3. *See* I.C. 6–1.1–12.1–3(c).

4. I.C. 6–1.1–12.1–4(d)(3), provides that a property owner who has been granted a 10 year abatement is entitled to a *95 percent deduction* in the second year of the 10 year deduction period. It

is unclear whether the auditor allowed only a 90 percent deduction for 1989 or whether there is a typographical error in Rott's pleading. *Complaint* at 2 ¶6.

file a Petition for Correction of Errors (Form 133). *Id.* The State Board's final determination with respect to the errors alleged in the Form 133 is then appealable to this court. IND.CODE 33–3–5–2; *Indianapolis Historic Partners,* 563 N.E.2d at 1348.

■ In the instant case, Rott filed a Form 133 alleging that: 1) the taxes assessed to Rott were illegal as a matter of law because Rott was entitled to an abatement of those taxes, and 2) through an error of omission by a county officer Rott was not given credit for an ERA deduction permitted by law. *See* I.C. 6–1.1–15–12(a)(6) & (8). The State Board denied Rott's Form 133 and Rott appealed to this court. Accordingly, this court has jurisdiction to consider Rott's appeal.[5] I.C. 33–3–5–2; *Indianapolis Historic Partners,* 563 N.E.2d at 1348. The question now before the court is whether the State Board's denial of Rott's Form 133 on the ground that the errors alleged could not be corrected via a Form 133 was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or in excess of statutory authority. *See Kimco Leasing, Inc. v. State Bd. of Tax Comm'rs* (1993), Ind.Tax, 622 N.E.2d 590, 592.

■ The State Board contends that it did not err in denying Rott's Form 133. Citing *Hatcher v. State Board of Tax Commissioners* (1990), Ind.Tax, 561 N.E.2d 852 (*Hatcher I* ), and *Hatcher v. State Board of Tax Commissioners* (1992), Ind. Tax, 601 N.E.2d 19 (*Hatcher II* ), the State Board explains that the Form 133 can be used only to correct *objective* errors—errors capable of correction without resort to subjective judgment. The State Board insists that the decision whether to grant an ERA deduction after receiving an untimely filed deduction application requires resort to *subjective* judgment because it involves an inquiry into whether there is good cause to excuse the late filing. The State Board further insists that because the type of "error" Rott complained of was not an error that could be corrected without resort to

subjective judgment, the State Board had no authority under I.C. 6–1.1–15–12 to grant the relief that Rott requested. Thus, the State Board concludes, it is entitled to summary judgment.

■ The State Board is correct in its assertion that the Form 133 procedure can be used only to correct objective errors. *Hatcher I,* 561 N.E.2d at 857; *Hatcher II,* 601 N.E.2d at 22. Consequently, when a property owner files a timely deduction application, but upon receipt of his tax duplicate finds that the deduction has not been properly applied, a Form 133 may be used to correct the error. Indeed, the determination of whether a deduction application was timely filed does not require resort to subjective judgment. Moreover, if it is determined that the deduction application was timely filed, no further judgment need be exercised in order to determine the amount of the deduction for the amount of deduction is established by I.C. 6–1.1–12.1–4.

Judgment is reserved for another day on the State Board's assertion that the decision whether to grant an ERA deduction after receiving an untimely filed deduction application requires a resort to subjective judgment and is, therefore, outside the realm of the Form 133 procedure. Judgment is reserved because there is a genuine issue of material fact whether Rott's deduction application was in fact untimely filed.

I.C. 6–1.1–12.1–5 provides that a property owner who desires to obtain an ERA deduction for improvements on real property must file a certified deduction application with the auditor of the county in which the property is located within a certain period of time. The event that establishes the deadline for filing the deduction application is the giving of the Notice of Assessment (Form 11) to the property owner. I.C. 6–1.1–12.1–5(b). If the Form 11 is given to a property owner before April 10 of the year in which the addition to assessed valuation is made, the property owner must file the deduction application no

---

5. The State Board's final determination correctly states: "[A]ccording to I.C. 6–1.1–15–12, the Board does have jurisdiction to review the action of those local officials authorized to review the Form 133 for statutorily specified correctable

errors." *State Board Final Determination* at 9. Nevertheless, the parties questioned whether the State Board had authority to review Rott's Form 133. In turn, they questioned whether this court has jurisdiction over the instant case.

later than May 10 of the same year. I.C. 6–1.1–12.1–5(a) & (b). If the Form 11 is not given to the property owner before April 10 of the year in which the addition to assessed valuation is made, the property owner must file the deduction application no later than 30 days after the Form 11 is mailed to the property owner. I.C. 6–1.1–12.1–5(b).

Rott asserts that it never received a Form 11 for 1988. Rott further asserts that local officials have been unable to provide any evidence that a Form 11 was ever mailed.[6] Therefore, Rott contends, the 30 day filing period within which to file its deduction application did not begin to run until it received actual notice from the Auditor that it was required to file a deduction application—which was sometime in April, 1989. Accordingly, Rott insists, its deduction application for 1988 was timely filed on May 10, 1989.[7]

The State Board's motion for summary judgment is premised on the "fact" that Rott did not timely file its deduction application for 1988. Rott, however, insists that it filed

the deduction application within the time allowed. Consequently, there is a genuine issue of material fact which precludes summary judgment on issue II.

### CONCLUSION

The State Board is entitled to summary judgment on issue I. A genuine issue of material fact precludes summary judgment on issue II. Accordingly, the State Board's motion for summary judgment is GRANTED with respect to issue I and DENIED with respect to issue II. The issue of whether Rott's deduction application was timely filed and all other issues not addressed in this order are reserved for trial.

---

**6.** Neither party has offered any affidavits supporting or refuting that the Form 11 for 1988 was mailed.

**7.** The court notes that Rott has been somewhat ambiguous in its assertion that its deduction application was timely filed. *See Petitioner's Brief in Support of Form 133 Petition for Correction of Error* at 1 (submitted as part of the *Transcript of Proceedings Before the State Board* ); *contra Petitioner's Brief in Support of Form 133 Petition for Correction of Error* at 1, 3 (submitted as part of the *Transcript of Proceedings Before the State Board* ); *Petitioner's Memorandum in Response to Respondent's Motion for Summary Judgment* at 1; *contra Petitioner's Memorandum in Response to Respondent's Motion for Summary Judgment* 3, 8.