Paul BENDER, Petitioner,

v.

INDIANA STATE BOARD OF
TAX COMMISSIONERS,
Respondent.

No. 49T10–9511–TA–00127.

Tax Court of Indiana.

March 5, 1997.

John R. Rumple, Sharpnack, Bigley, David & Rumple, Columbus, for Petitioner.

Jeffrey A. Modisett, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Paul Bender appeals the State Board of Tax Commissioners' final determination that his real property was appropriately assessed under the Residential Pricing Schedule. Bender filed a Form 133 Petition for Correction of Errors, alleging that a mathematical error occurred when the assessor failed to use the General Commercial Residential Pricing Schedule in computing the base price of Bender's real property. The issue before this Court is whether Form 133 is the appropriate petition for challenging the selection of a pricing schedule.

## FACTS AND PROCEDURAL HISTORY

Paul Bender owns real property in Lawrence County, Indiana. The property consists of four units, side-by-side, each sharing a common wall with the adjoining unit. Such property is commonly referred to as a row-type dwelling. For the purpose of the 1989 general reassessment, Ind.Code Ann. § 6–1.1–4–4(a) (1989), the property was assessed under the Residential Pricing Schedule with an adjustment for a row-type dwelling. On June 11, 1992, Bender filed a Form 133 Petition for Correction of Errors in which he argued that the General Commercial Residential Pricing Schedule should have been employed instead of the residential schedule because the units were leased and not owned by the occupants. Resp't Ex. A (Form 133 Petition). Bender justified his use of Form 133 on the grounds that this was a "mathematical error." *Id.*

The County Board of Review denied Bender's Form 133 Petition, and he timely appealed to the State Board. The State Board rejected Bender's petition and issued a final assessment determination on October 6, 1995, setting the assessed value for Bender's real property at $55,000. Resp't Ex. C (final assessment). Bender filed an original tax appeal on November 4, 1995, challenging the State Board's final determination. The parties are now before this Court on the State Board's motion for summary judgment. No material facts are in dispute, and the Court finds the matter ripe for summary disposition.

## STANDARD OF REVIEW

A final determination of the State Board will be reversed only if it is unsupported by

substantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary or capricious. *Williams Indus. v. State Bd. of Tax Comm'rs*, 648 N.E.2d 713, 715 (Ind. Tax Ct.1995). Thus, the State Board is accorded great deference when it acts within the scope of its authority. *Id.*

A motion for summary judgment will be granted only when there is no genuine issue of material fact, and a party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). "If no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment." *Encyclopaedia Britannica, Inc. v. State Bd. of Tax Comm'rs*, 663 N.E.2d 1230, 1232 (Ind. Tax Ct.1996).

### DISCUSSION AND ANALYSIS

■ Prior to January 1, 1994, a taxpayer could challenge a State Board determination in one of three ways: (1) within thirty days of a general reassessment, a taxpayer could file a Form 130/131 Petition for Review of Assessment challenging both subjective and objective errors; (2) by March 31st of years in which a general reassessment was not done, a taxpayer could challenge subjective and objective errors through a Form 134 Petition for Reassessment;[1] or (3) at any time, a taxpayer could file a Form 133 Petition for Correction of Errors challenging only objective errors in the assessment. *Williams*, 648 N.E.2d at 716–17; *Reams v. State Bd. of Tax Comm'rs*, 620 N.E.2d 758, 759–60 (Ind. Tax Ct.1993). The taxpayer challenging a property assessment bears the responsibility of using the appropriate method, and where an improper avenue is pursued, the State Board's determination will be upheld. *See Williams*, 648 N.E.2d at 718; *Reams*, 620 N.E.2d at 761.

■ The petition at issue in this case is the Form 133 Petition for Correction of Errors, which is governed by Indiana Code § 6–1.1–15–12. This statute states:

[A] county auditor shall correct errors which are discovered in the tax duplicate

for any one (1) or more of the following reasons:

(1) The description of the real property was in error.

(2) The assessment was against the wrong person.

(3) Taxes on the same property were charged more than one time in the same year.

(4) There was a mathematical error in computing the taxes or penalties on the taxes.

(5) There was an error in carrying delinquent taxes forward from one tax duplicate to another.

(6) The taxes, as a matter of law, were illegal.

(7) *There was a mathematical error in computing an assessment.*

(8) Through an error of omission by any state or county officer the taxpayer was not given credit for an exemption or deduction permitted by law.

Ind.Code. Ann. § 6–1.1–15–12(a) (1989) (amended 1993 & 1995) (emphasis added). In this case, Bender specifically asserted his challenge under subsection 12(a)(7) for mathematical errors.

This Court has held that Indiana Code § 6–1.1–15–12(a) provides an avenue for correcting objective mistakes in an assessment, not errors in subjective judgment. *See, e.g., Hatcher v. State Bd. of Tax Comm'rs*, 561 N.E.2d 852, 857 (Ind. Tax Ct.1990). Thus, "[t]he only errors subject to correction by Form 133 are those which can be corrected without resort to subjective judgment." *Id.* Regarding subsection 12(a)(7) in particular, this Court explained in *Hatcher* that the legislative intent of that provision was to limit mathematical errors to those "involving the incorrect use of numbers in determining the assessment" and "errors which can be corrected accurately, with precision, and with rigorous exactness." *Id.* at 854.

In *Hatcher*, the taxpayers owned a vacated apartment building that had become dilapidated. The building had been ransacked by vandals, but it had not been

---

1. The Form 134 method of review was repealed effective January 1, 1994. *See* Ind.Code Ann.

§§ 6–1.1–4–7, 6–1.1–4–8 (West Supp.1996); *see also Williams*, 648 N.E.2d at 717 n. 3.

reassessed to reflect the damage. *Id.* at 852. The taxpayers filed a Form 133 Petition, alleging that the State Board's failure to consider the damage to the property was a mathematical error under Indiana Code § 6–1.1–15–12(a)(7) because it resulted in the wrong numerical values being used in the assessment. *Id.* at 852–53. The State Board argued that the alleged errors were not mathematical because "they [could not] be corrected without referring to the assessor's subjective judgment." *Id.* The Court upheld the State Board's denial of the Form 133 Petition because the assessor's determination required consideration of obsolescence, a factor involving the assessor's subjective judgment. *Id.* at 853, 857.

In *Hatcher* and subsequent cases, this Court has held that where the decision under review is automatically dictated by a simple, true or false finding of fact, it is considered objective and properly challenged via Form 133. In *Hatcher,* the Court explained that whether a particular dwelling has a furnace or fireplace or other similar item is an objective matter because "it can be judged and corrected objectively through a visual inspection." *Id.* at 857. In other words, the decision was objective because the outcome was mandated by a single, relatively uncomplicated factual finding. As the Court explained: "If a fireplace exists, then it is assessed. If no fireplace exists, then its value can be subtracted from the computation. Similarly, for any other item that exists and a value is assigned to that item by the property record card, if the item no longer exists, then the auditor should be permitted to subtract that value, as well." *Id.* at 857–58.

A similar analysis was employed in *Rott Development Co. v. State Bd. of Tax Comm'rs,* 647 N.E.2d 1157 (Ind. Tax Ct.1995). In that case, the Court held that a taxpayer could use a Form 133 to protest a county auditor's denial of an application for an economic revitalization area deduction because the only question was whether the taxpayer had timely filed the application. *Id.* at 1160. The Court found that the property at issue had already been properly designated by the local council for the deduction, and the precise amount of the deduction was dictated by statute. *Id.* at 1158, 1160. The Court held that the Form 133 petition was a proper avenue for seeking relief because subjective judgment was not required either to ascertain whether the application had been filed on time or to calculate the amount of the deduction. *Id.* at 1160.

Finally, *Dalton Foundries, Inc. v. State Bd. of Tax Comm'rs* involved comparable reasoning. 653 N.E.2d 548 (Ind. Tax Ct.1995). In *Dalton,* a taxpayer brought a Form 133 challenge against the denial of a deduction on the grounds that the improper official had reviewed the deduction application. *Id.* at 549–50. The Court upheld the use of Form 133 because "determining whether the appropriate official acted on [the taxpayer's application] requires consideration of objective factors only." *Id.* at 551.

On the other hand, this Court has held that Form 133 is inappropriate for correcting errors involving qualitative or discretionary decisions by assessors. In *Reams v. State Bd. of Tax Comm'rs,* a taxpayer filed a Form 133 petition requesting a retroactive reduction in the grade and design factor assigned to his property. 620 N.E.2d at 759. The Court rejected this use of the petition. The Court explained that grade and design factors are assessments of the quality of materials and design of a dwelling and that, as such, "the grading of a residence is a subjective process." *Id.* Thus, where a simple finding of fact does not dictate the result and discretion plays a role, a decision is considered subjective and may not be challenged through a Form 133 filing.

In this case, the question presented is whether an alleged error in choosing one pricing schedule over another constitutes an objective, mathematical error for the purposes of Indiana Code § 6–1.1–15–12(a)(7) and Form 133. Bender claims that he rents out the units at issue as apartments for commercial purposes rather than using them as a residence. He points out that under the applicable regulations, property is classified on the basis of its "predominant current use," Ind. Admin. Code tit. 50, § 2.1–4–2(b) (1992), and apartments are assigned an assessment value under the General Commercial Residential Pricing Schedule, Ind. Admin. Code

tit. 50, §§ 2.1–4–4, 2.1–4–7(c) (1992). Applying the law to the facts, Bender contends, it is objectively the case that his property should have been assessed under the General Commercial Residential Pricing Schedule rather than the Residential Pricing Schedule. He claims that because this error resulted in an inflated tax assessment, it constituted a mathematical error. This Court is not convinced.

First and most obviously, the choice between pricing schedules is not merely a mathematical question. The suggestion that any challenge to the numbers appearing in an assessment is a challenge for mathematical error was specifically raised and addressed in *Hatcher*. In that case, the taxpayers contended that "using numbers in the assessment computation which do not reflect the current value of the property constitutes a mathematical error." 561 N.E.2d at 853. This Court rejected that characterization and explained:

> Many numbers derived from the assessor's subjective judgment, such as the value assigned to a building's grade, are used to compute an assessment. If the incorrect number is assigned and then used to compute the total assessment, there is an error in the computation, as the Hatchers contend. The legislature, however, chose to limit the types of computation errors correctable by IC 6–1.1–5–12(a)(7) to mathematical errors, errors which can be corrected pursuant to precise and exact standards.

*Id.* at 854–55. As in *Hatcher*, this Court declines Bender's invitation to read all errors involving numbers or figures as mathematical errors for the purposes of subsection 12(a)(7).

Second, the choice between pricing schedules is not objective. It involves a judgment on the part of the assessor. The Residential Pricing Schedule begins with a base price according to, *inter alia,* the size of the dwelling, the type of exterior walls, and the number of stories and then provides a series of adjustments to reach the replacement cost of a dwelling. Ind. Admin. Code tit. 50, § 2.1–3–4 (1992). One of those adjustments "applies only to row-type dwellings, defined as multi-family (two or more families) dwellings in which the individual dwelling units are separated vertically by means of 'common' or 'party' walls." Ind. Admin Code tit. 50, § 2.1–3–4(b). The General Commercial Residential Pricing Schedule, on the other hand, divides properties into three basic models based on their general uses and provides a different assessment schedule for each model. Ind. Admin. Code tit. 50, § 2.1–4–3 (1992). This schedule includes "Apartments. Commercial flats (1–3 stories)." Ind. Admin. Code tit. 50, § 2.1–4–4 (1992). In choosing between the residential and commercial schedules, the regulations instruct the assessor only that "[i]f the improvement involved is either a dwelling or a converted dwelling, it would be more appropriate to use the Residential Pricing Schedule in computing the replacement cost." *Id.*

Clearly, the assessor must use his or her judgment in determining which schedule to use. It is not a decision automatically mandated by a straightforward finding of fact. The assessor must consider the property in question, including its physical attributes and predominant use, and make a judgment as to which schedule is most appropriate. Just as the assessor must use subjective judgment to determine which base price model to employ within these schedules, so too the assessor must exercise his or her discretion to determine which schedule to use. *See Herb v. State Bd. of Tax Comm'rs,* 656 N.E.2d 890, 894 (Ind. Tax Ct.1995) ("[B]ecause a building may not conform perfectly with model specifications, a hearing officer must use subjective judgment to decide which model the building most closely resembles."). In some cases, this decision will be a closer call than in others, but regardless of the closeness of the judgment, it remains a judgment committed to the discretion of the assessor.

This Court need not determine whether the assessor abused this discretion in choosing the Residential Pricing Schedule in the instant case. It is sufficient here to note that the decision involved the assessor's judgment and that, therefore, Form 133 was not the appropriate petition with which to challenge that decision.

## CONCLUSION

For the above stated reasons, the determination of the State Board is AFFIRMED. The State Board is entitled to judgment as a matter of law, and therefore, summary judgment is GRANTED in favor of the State Board and against Bender.