**FRANCHISE REALTY CORP., Petitioner,**

v.

**INDIANA STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9607–TA–00081.

Tax Court of Indiana.

June 27, 1997.

John R. Rumple, Sharpnack, Bigley, David & Rumple, Columbus, for Petitioner.

Jeffrey A. Modisett, Attorney General, Joel Schiff, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Franchise Realty Corp. (Franchise) appeals the State Board of Tax Commissioners' (State Board) final determination of the effective age of its real property. Franchise filed a Form 133 Petition for Correction of Errors, contending that a determination of the effective age of a remodeled building involves an objective mathematical computation, thereby making Form 133 the correct method for appealing the Board's decision. In contrast, the State Board claims that a decision regarding effective age is subjective, and therefore not reviewable on a 133 Petition. The issue before this Court is whether a taxpayer may use a Form 133 Petition to challenge the State Board's determination of effective age. This Court agrees with the State Board, and holds that using a Form 133 Petition to challenge the determination of effective age is improper.

**FACTS AND PROCEDURAL HISTORY**

Franchise owns a remodeled McDonald's restaurant in Connersville, Indiana that was assessed for the March 1, 1990, 1991 and

1992 assessments as having an effective age of 1981. The effective age is used to determine the depreciation of a building by using the physical depreciation schedule provided by the State Board. IND. ADMIN. CODE tit. 50, r. 2.1–4–8 (1988). Franchise contested the county assessor's determination of effective age and its subsequent finding of depreciation by filing a Form 133 Petition with the State Board on October 10, 1993. It argued that an incorrect mathematical formula was used by the county assessor in arriving at his value of effective age. Franchise asserted that use of the incorrect formula resulted in a "mathematical error" correctable on a Form 133.

Franchise argues that the effective age for its building should be arrived at by use of the following calculation: multiply 1975 (the actual age of the building) by 91 percent (the portion of the building that remained unchanged after the addition) and add that product to 1986 (the date of the addition) multiplied by 9 percent (the portion of the building that was added on to the original structure). Franchise claims that the value arrived at by means of this formula should then be used to find a depreciation value on the physical depreciation schedule.

The State Board contends that the effective age of a building is a subjective determination that cannot be calculated by a simple mathematical formula. It argues that effective age is determined by looking at the overall condition of the building. In this particular case, the assessor was not able to differentiate between what was added on to the building during the renovation and what remained from the original structure. For this reason, he determined effective age from the overall condition of the building, not from a straightforward calculation. The assessor judged how much "life" had been restored to the building by means of the addition that was put on.

The State Board denied Franchise's Form 133 Petition and issued a final determination upholding the county assessor's decision on effective age and depreciation value for the McDonald's restaurant. The State Board justified its decision by stating that the effective age of a building is a subjective determination, and therefore not correctable by a Form 133. Franchise responded by filing an appeal with this Court on July 16, 1996.

## STANDARD OF REVIEW

■ Determinations made by the State Board are accorded great deference when the Board is acting within its scope of authority. *Bender v. State Bd. of Tax Comm'rs,* 676 N.E.2d 1113, 1114 (Ind.Tax Ct.1997). Therefore, a final determination of the State Board will be reversed only if it is unsupported by substantial evidence, constitutes an abuse of discretion, exceeds statutory authority, or is arbitrary or capricious. *Id.*

## DISCUSSION AND ANALYSIS

■ A taxpayer challenging a property assessment bears the responsibility of using the appropriate method. When that taxpayer pursues an improper method, the State Board's determination will be upheld. *Bender,* 676 N.E.2d at 1114; *See Williams Indus. v. State Bd. of Tax Comm'rs,* 648 N.E.2d 713, 718 (Ind.Tax Ct.1995). At the time of Franchise's appeal, three methods of challenging an improper assessment were available to the taxpayer: (1) filing a Form 130/131 Petition for Review of Assessment within thirty days of a general reassessment to challenge both subjective and objective errors; (2) filing a Form 134 Petition for Reassessment by March 31st of years in which a general reassessment was not done to challenge both subjective and objective errors; [1] or (3) filing a Form 133 Petition for Correction of Errors at any time to challenge only objective errors. *Bender,* 676 N.E.2d at 1114; *Williams,* 648 N.E.2d at 716–17; *Reams v. State Bd. of Tax Comm'rs,* 620 N.E.2d 758, 759–60 (Ind.Tax Ct.1993).

In this particular case, the taxpayer filed a Form 133 Petition, which is governed by Indiana Code § 6–1.1–15–12. *See Bender,* 676

---

1. The Form 134 method of review was repealed effective January 1, 1994. *See* Ind.Code Ann.

§§ 6–1.1–4–7, 6–1.1–4–8 (West Supp.1996).

N.E.2d at 1114. Specifically, Franchise asserted that its claim arose under subsection 12(a)(7), which deals with mathematical errors in computing assessments. IND.CODE ANN. § 6–1.1–15–12(a)(7) (West 1989) (amended 1993 & 1995). This Court has held that such mathematical errors are clearly objective and not subjective. *Bender*, 676 N.E.2d at 1116. In order to resolve matters more efficiently, objective mistakes are to be challenged on a Form 133 so that they can be handled separately from subjective errors because the assessor's subjective judgment plays no role in the correction. Indiana Code § 6–1.1–15–12(a) provides an avenue for correcting objective mistakes in an assessment, not errors in subjective judgment. *Id.* at 1114; *See, e.g., Hatcher v. State Bd. of Tax Comm'rs*, 561 N.E.2d 852, 857 (Ind.Tax Ct.1990). In creating the statute, the legislature chose to limit the types of correctable computation errors to those which were mathematical errors—errors which could be corrected pursuant to precise and exact standards. *Id.* at 855.

In *Bender*, a case similar to the one at bar, the taxpayer owned property commonly referred to as row-type dwelling. His property was assessed under the Residential Pricing Schedule with an adjustment for a row-type dwelling. The taxpayer appealed this assessment by filing a Form 133. He argued that the General Commercial Residential Pricing Schedule should have been used instead of the residential schedule, because the units were leased and not owned by the occupants. *Bender*, 676 N.E.2d at 1113. The use of Form 133 was justified by the taxpayer on the grounds that this mistake was a "mathematical error". *Id.* The State Board disagreed. They found that the assessor's judgment did play a role in deciding which pricing schedule to employ, and therefore the Form 133 Petition was not the correct avenue for challenging the assessment. This Court agreed with the State Board, and held that when a decision is not automatically mandated by a straightforward finding of fact, the decision is not correctable on a Form 133. *Id.* at 1116.

A similar analysis was used in *Hatcher*. There the taxpayers filed a Form 133 Petition alleging that the State Board's failure to consider vandalism damage was a mathematical error under Indiana Code § 6–1.1–15–12(a)(7). *Hatcher*, 561 N.E.2d at 852. The State Board argued that the alleged errors were not mathematical because correcting them without referring to the assessor's subjective judgment was impossible. *Id.* at 853. Stated simply, the errors were subjective, and therefore not reviewable on a Form 133 Petition. Once again, this Court upheld the State Board's final determination. *Id.* at 857.

Both *Bender* and *Hatcher* demonstrate that when a taxpayer wishes to challenge a determination involving an assessor's subjective judgment, the use of Form 133 to do so is improper. When a decision is mandated by a single, relatively uncomplicated factual finding, it is objective. *Bender*, 676 N.E.2d at 1115. In situations where this is not the case, Form 133 is not the appropriate avenue for the correction of the alleged error.

The question before this Court is whether subjective judgment plays a role in determining the effective age of a structure. Franchise claims that a simple mathematical formula must be used to make such a determination. Its formula, as set forth above, entails mathematical manipulations that involve multiplying the year that each part of the building was constructed by the percentage of the building that was constructed at that time, and then adding those two products together. In this particular case, there are only two sums to add together because, aside from the original construction date, only one addition was put on—making two years of construction applicable.

While this proposed technique for the calculation of effective age may be accepted by the International Association of Assessing Officers, it is not valid under the State Board's regulations. According to the regulations, the definition of effective age contains no specific mathematical formula. Instead, it defines "effective age" as, "an age assigned to a structure based upon its *condition* as of the effective valuation date; it may be greater or less than the structure's actual age. Compare with 'actual age'." IND. ADMIN.CODE tit. 50, r. 2.1–6–1 (1988) (repealed) (emphasis added). The "condition" of a

building is defined as "a judgment of the physical condition of the item relative to its age." IND.ADMIN.CODE tit. 50, r. 2.1–4–2 (1988) (repealed). From these definitions, it can be concluded that the calculation of effective age is one that requires some amount of subjective judgment due to the fact that condition must be factored in. This reasoning can be taken directly from the definitions of both effective age and condition.

This Court will not read all errors involving numbers or figures as mathematical errors for the purposes of Indiana Code 6–1.1–15–12(a)(7). *Bender*, 676 N.E.2d at 1116. Although the assessor will arrive at an effective age that is represented in numerical form, to determine that value he must use his subjective judgment. He must look at the building as a whole and determine to the best of his ability the overall condition of the structure. Just as an assessor must choose which Residential Pricing Schedule to use when assessing property, he also must use his discretion and subjective judgment in determining what effective age should be assigned to a building. "In some cases, this decision will be a closer call than in others, but regardless of the closeness of the judgment, it remains a judgment committed to the discretion of the assessor." *Id.*

## CONCLUSION

Since it can be determined from the Indiana Administrative Code that the determination of effective age is subjective, this Court concludes that such a finding was not reviewable on a Form 133 Petition for Correction of Errors. Therefore, this Court AFFIRMS the final determination of the State Board.