**20TH CENTURY FIBERGLASS,**
Petitioner,

v.

**INDIANA STATE BOARD OF
TAX COMMISSIONERS,**
Respondent.

Nos. 49T10–9605–TA–00041,
49T10–9605–TA–00045.

Tax Court of Indiana.

Aug. 7, 1997.

David L. Pippen, Curtis Dickinson, Dickinson & Abel, Indianapolis, for Petitioner.

Jeffrey A. Modisett, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

20th Century Fiberglass appeals the State Board of Tax Commissioners' final determination of its real property assessment for 1989 and 1990. Although several issues were raised by the parties, the Court finds the following to be dispositive:

I. Whether 20th Century's property tax consultant had the authority to appeal to the State Board.

II. Whether the alleged errors were properly appealed by a Form 133 Petition to Correct Errors.

## FACTS AND PROCEDURAL HISTORY

20th Century owns real property in Elkhart County, Indiana. 20th Century appealed assessments for the years 1989 and 1990 by filing Form 133 Petitions with the County Board of Review on June 26, 1991. 20th Century stated that there were mathematical errors in computing the assessment in each year. Specifically, 20th Century claimed that the Perimeter to Area Ratio (PAR) was incorrectly computed, an improper base rate had been applied, and that an incorrect life expectancy table was applied to their property.

The County Board of Review denied 20th Century's Form 133 Petitions on July 5, 1991, and 20th Century timely appealed to the State Board. The State Board rejected 20th Century's petitions on March 19, 1996 and issued Final Assessment Determinations on each claim. 20th Century then timely appealed to this Court on April 29, 1996. Additional facts will be provided as needed.

## STANDARD OF REVIEW

■ This Court gives the decisions of the State Board great deference, and their final determinations are reversed only when the decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *Corey v. State Board of Tax Comm'rs,* 674 N.E.2d 1062, 1064 (Ind. Tax Ct.1997).

## DISCUSSION AND ANALYSIS
### Power of Attorney

The threshold issue that this Court must address is whether 20th Century's tax consultant, Landmark Appraisals, had the authority to act on 20th Century's behalf. The State Board claims that Landmark failed to file a proper power of attorney as required by its regulations. *See* IND.ADMIN.CODE tit. 50 r. 4.1–1–20 (1988). However, the State Board's Final Assessment Determinations do not mention this as a reason for denying 20th Century's petition. At no time prior to appealing to this Court, in its Answer and Affirmative Defenses to 20th Century's petition, throughout the discovery period, or in its Contentions and Lists of Witnesses and Exhibits, did the State Board raise this issue. In fact, the State Board raised this issue— for the first time—during the week prior to trial before this Court. Tr. at 4.

■ As the Court's review is limited on appeal from the State Board, it is "necessary that written findings be before the [C]ourt." *Stokely–Van Camp, Inc. v. State Bd. of Tax Comm'rs,* 394 N.E.2d 209, 211, 182 Ind.App. 91, 94 (Ind.Ct.App.1979). There are no written *findings* before the court that pertain to this new issue. To be sure, there are unsigned letters, purporting to be requests for a power of attorney, in the administrative transcript filed by the State Board. But the actual determination by the State Board nowhere indicates that 20th Century's claim was being dismissed on the grounds that a power of attorney was not filed. In fact, the State Board's findings are entitled "Final Assessment Determination," which indicates that they are conclusive action on 20th Century's petitions. As this Court has previously held, the State Board "may not support its determination by referring to reasons which are not ruled on previously but which are offered as *post hoc* rationalizations." *Scheid v. State Bd. of Tax Comm'rs,* 560 N.E.2d 1283, 1284 (Ind.Tax Ct.1990) (*citing Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168–69, 83 S.Ct. 239, 245–46, 9 L.Ed.2d 207 (U.S.1962)).

■ Furthermore, a challenge to standing is an affirmative defense. As the State Board is the party seeking its benefit, it bears the burden of proof. IND. TRIAL RULE 8(C); *Freedom Express, Inc. v. Merchandise Warehouse Co.,* 647 N.E.2d 648, 651 (Ind.Ct. App.1995). Additionally, the State Board is required by statute to notify a taxpayer of a defect in its petition and grant the Petitioner thirty days to cure any defect. IND.CODE ANN. § 6–1.1–15–4(b) (West 1989). The State Board failed to present any testimony or evidence sufficient to show that it complied with the trial rules or statute. In contrast, 20th Century provided this Court

with testimony that it did not receive notice of any defect with its petitions prior to the week of trial. Tr. at 9.

At trial, the State Board presented unsigned letters requesting powers of attorney for the Forms 133. Pet. Ex. B and C. The State Board, however, presented no evidence that those letters were ever mailed or that their contents were in any way communicated to the taxpayer or its representative. *See F & F Const. Co. v. Royal Globe Insurance Co.*, 423 N.E.2d 654, 655–56 (Ind.Ct.App. 1981) (requiring testimony from one with direct and actual knowledge to serve as proof of mailing). The State Board failed to present testimony from the author of the letter and the one witness presented by the State Board could not personally testify to the office procedure at the time the letters would have been mailed. Tr. at 30–31.

■ Based on the State Board's failure to cite it as a reason in its findings, and based on the testimony given at trial, the Court finds that the State Board waived the issue of whether Landmark had the authority to represent 20th Century. However, it should be noted that the Court agrees with the State Board that powers of attorney are required to practice before them. The regulations are quite explicit in requiring the execution of a power of attorney "before any representative of [the State] Board may communicate with an individual other than the taxpayer." IND.ADMIN.CODE tit. 50, r. 4.1–1–20. 20th Century argues that since this requirement is found in the portion of the Administrative Code that deals with the assessment of tangible *personal* property (Article 4.1), it does not apply to the assessment of *real* property. In support of its contention, it cites this Court's opinion in *Western Select Properties v. State Bd. of Tax Comm'rs*, 639 N.E.2d 1068 (Ind.Tax Ct.1994).

In *Western Select*, this Court found that the State Board acted in an arbitrary and capricious manner when it used the same standard of proof for real property assessment that it uses for personal property obsolescence. 639 N.E.2d at 1073. In that case, the State Board was applying regulations written specifically for one type of property to another type of property that had its own

specific regulations. In the instant case, the regulations in question clearly relate to the administration and procedure of the State Board. The fact that they are located under the rubric of tangible personal property is merely due to the inconcinnity of the regulations' drafting. A plain reading of Rule 1, located in Article 4.1, indicates that those provisions relate to all areas of taxation and not only to personal property. It is simply a bewildering placement of a procedural requirement—lost among a byzantine set of regulations.

■ As the Supreme Court has directed in regards to an administrative agency's own regulations, "the interpretation of the administrative agency is given great weight unless the agency's interpretation would be inconsistent with the regulation itself." *State Bd. of Tax Comm'rs v. Two Market Square*, 679 N.E.2d 882, 886 (Ind.1997). Nothing in the State Board's interpretation of IND.ADMIN.CODE tit. 50, r. 4.1–1–20 is inconsistent with the regulation itself. A power of attorney is required for all representatives practicing before the State Board.

### Form 133 Errors

■ Although the State Board entered a final determination indicative of action on the petitions, the State Board acknowledges that they did not substantively review 20th Century's claims. Resp't Br. at 8–9. As such, it would be premature for the Court to engage in fact finding or reach any conclusions regarding the propriety of 20th Century appealing its assessment via a Form 133 petition. *See State v. Sproles*, 672 N.E.2d 1353, 1358 (Ind.1996). (Administrative agencies have specialized expertise and are better suited to adjudicate disputes in the first instance.) However, the Court disagrees with the State Board as to what this Court's role is in remanding a case for further proceedings. The State Board maintains that "the Court cannot say whether the contested Forms 133 contain the types of errors the legislature intended to be corrected by way of a Form 133. The Court cannot decide whether the contested assessments were wrong. The Court may only remand the cases at bar so that the State Board may

make those decisions in the first instance." Resp't Br. at 9.

■ First, while this Court has a limited scope of review, it is free to review the evidence that is properly presented to it. *American Juice Co. v. State Bd. of Tax Comm'rs,* 527 N.E.2d 1169, 1170–71 (Ind.Tax Ct.1988). The transcript of the State Board proceedings, presented as evidence to this Court, contains copies of 20th Century's Form 133 Petitions. Pet. Ex. C. Those petitions indicate what types of errors 20th Century alleges. That the State Board did not review these forms, to determine whether it indicated the types of errors properly appealable by it, does not prevent this Court from doing so once they are before this Court. The State Board's insistence that this Court not do so only exacerbates their error.

Secondly, the Court has already reviewed the issue of what type of errors are appealable by a Form 133 Petition to Correct Errors. *See Bock Products, Inc. v. State Bd. of Tax Comm'rs,* 683 N.E.2d 1368 (Ind.Tax Ct.1997), *Franchise Realty Corp. v. State Bd. of Tax Comm'rs,* 682 N.E.2d 832 (Ind. Tax Ct.1997), *Bender v. State Bd. of Tax Comm'rs,* 676 N.E.2d 1113 (Ind.Tax Ct.1997), *Williams Indus. v. State Bd. of Tax Comm'rs,* 648 N.E.2d 713 (Ind.Tax Ct.1995), *Hatcher v. State Bd. of Tax Comm'rs,* 561 N.E.2d 852 (Ind.Tax Ct.1990). In those cases, the Court held that a Form 133 Petition to Correct Errors provides an avenue for correcting objective mistakes in an assessment, not errors in subjective judgment. "The only errors subject to correction by Form 133 are those which can be corrected without resort to subjective judgment." *Id.* In the present case, two of the issues are exactly the same as two issues in *Bock.* Both cases involve the calculation of the PAR and Base Rates, both are for the years 1989 and 1990, both are in Elkhart County, both use the same property tax consultant (Landmark), and both were argued by the same attorneys before this Court. As the Court is beginning to review these appeals with a mixed sense of déjà vu and ennui, both parties are instructed to consult *Bock* as to the propriety of appealing PAR and Base Rate calculations using Form 133. Regarding the application of Life Expectancy Tables under IND.ADMIN.CODE tit. 50, r. 2.1–5–1 (1988), the parties are again referred to the cases cited above. The application of the correct Life Expectancy Table is an objective computation made after the subjective determination of the structure type and condition. Those objective issues may be appealed by a Form 133.

### CONCLUSION

As to the whether 20th Century's property tax consultant had the authority to appeal to the State Board, this Court finds that he did. As to whether the alleged errors were properly appealed by a Form 133 Petition to Correct Errors, this case is REMANDED to the State Board to determine if there are any errors which can be corrected pursuant to objective standards discussed in this opinion.