OPINION
This appeal is taken by appellant-respondent Wendy Edgington Boggs ("Boggs") from the judgment of the Court of Common Pleas of Crawford County reallocating parental rights and designating appellee-movant Richard Edgington ("Edgington") as the residential parent.
On January 7, 1994, Edgington and Boggs were divorced. Boggs was designated the residential parent of the two children, Ashley Marie Edgington (D.O.B. July 13, 1989) and Michael Thomas Edgington (D.O.B. November 13, 1990). On February 3, 1996, Boggs filed with the trial court a notice of intent to relocate and moved for a modification of Edgington's visitation privileges. Boggs wished to move because she had remarried and her new husband lived outside of Crawford County. On February 29, 1996, Edgington filed a motion requesting that he be designated as the residential parent. A trial began on September 5, 1996. During the trial, Boggs withdrew her notice of intent to relocate. The trial concluded on February 10, 1997. On June 18, 1997, the magistrate issued a decision finding a change of circumstance and that the best interests of the children would be served by designating Edgington as the residential parent. On March 2, 1998, Boggs filed her objections to the magistrate's decision. The trial court affirmed the magistrate's decision on December 17, 1998. On January 5, 1999, the trial court adopted the magistrate's findings of fact and conclusions of law.
Boggs raises the following assignments of error.
 The trial court erred when it concluded that Boggs was unable to recognize Michael's special needs and when it concluded that Boggs denied Michael's special needs.
 The trial court erred when it concluded that Edgington established a proper change in circumstances had occurred.
"Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418, 674 N.E.2d 1159, 1162 (citing Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 550 N.E.2d 178). Thus, the decision of the trial court will not be reversed absent an abuse of discretion. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and evidence must not be encroached upon by a reviewing tribunal, especially to the extent where the appellate court relies on unchallenged, excluded evidence in order to justify its reversal.
Id.
The first assignment of error claims that the trial court erred in finding that Boggs was in denial concerning Michael's special needs. In support of this argument, Boggs claims that her actions show that she was doing everything suggested to properly care for Michael's special needs. However, the record reveals that although Michael was receiving the required assistance for his condition, Boggs was not completely cooperative in the treatment. Testimony was given that Boggs would argue with the doctors and would omit information from her reports. Additionally, Boggs would fail to keep appointments with counselors. Although the trial court specifically found that these failures were explainable, the trial court also found that they represented a pattern of denial on the part of Boggs. Since there is evidence to support the trial court's findings, there is no abuse of discretion. The first assignment of error is overruled.
In the second assignment of error, Boggs claims that no change of circumstances was shown justifying a reallocation of parental rights. R.C. 3109.04(E)(1) provides in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either or the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree unless a modification is in the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Once a trial court has determined that a change of circumstance exists, the finding will not be disturbed absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415,647 N.E.2d 1159. "In determining whether a "change" has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her. . . ." Id. at 418, 674 N.E.2d at 1162. A change in circumstance can arise from the natural maturing of a child and the parents' abilities to handle these changes, along with the hostility between the parents. Id. at 419,674 N.E.2d at 1163.
Here, the trial court specifically found that both Boggs and Edgington love their children and want what is best for them. Upon Michael entering school, it was learned that he is developmentally challenged. These special needs create a different circumstance than was present when the original decree was made. The trial court specifically found that Edgington and his new wife were better able to adapt to these changes and provide the necessary environment for Michael to prosper. Additionally, the trial court found that Boggs had not kept Edgington fully informed of the major events in the children's lives. Based upon this evidence and the testimony of various parties, the trial court found that Edgington would be the parent more likely to honor and facilitate liberal visitation. Thus, the trial court found that a change of circumstances existed and the children's best interests would be served by a reallocation of parental rights and responsibilities. The record supports these findings. Therefore, no abuse of discretion is found and the second assignment of error is overruled.
The judgment of the Court of Common Pleas of Crawford County is affirmed.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.