**Richard G. HATCHER and Ruthellyn Hatcher, Plaintiffs,**

v.

**INDIANA STATE BOARD OF TAX COMMISSIONERS, Defendant.**

No. 45TO5–8912–TA–00061.

Tax Court of Indiana.

Oct. 22, 1990.

Douglas M. Grimes, Gary, for plaintiffs.

Linley E. Pearson, Atty. Gen. by Joel Schiff, Deputy Atty. Gen., Indianapolis, for defendant.

FISHER, Judge.

Richard and Ruthellyn Hatcher (Hatchers) appeal the Indiana State Board of Tax Commissioners' (State Board) final determination denying their petition for correction of error. The State Board filed a motion for summary judgment and the Hatchers responded to the same. The court finds that there are genuine issues of material fact concerning the nature of the damage resulting to the Hatcher property and whether the damage rendered the assessment subject to correction pursuant to IC 6–1.1–15–12. The motion for summary judgment filed by the State Board is denied. The trial of this matter was held following the hearing on the State Board's motion for summary judgment.

## FACTS

In 1979, an apartment building owned by the Hatchers located in Gary, Indiana, was assessed at a value of $26,400. In July of 1984, the Hatchers boarded up and vacated the apartment building. Soon thereafter persons unknown ransacked the building by breaking windows, stealing copper sheathing from the roof, and removing sinks, toilets, carpeting, and other items. No action was taken by the Hatchers to obtain a reassessment of the property at that time; however, due to reported negative references in the newspaper indicating that the township assessor knew about the devaluation of the property, the Hatchers assumed the assessor had adjusted the property value.

On July 3, 1989, the Hatchers filed a petition for correction of error for the years of 1985, 1986, 1987, and 1988. The Hatchers asserted that after 1984 the assessor committed a mathematical error in computing the assessment because the assessment continued to be computed using the 1979 assessed value, instead of a lower value reflecting the damage done to the property in 1984. On July 12, 1989, the county assessor, county auditor, and township assessor disapproved the Hatchers' petition for correction of error. The Hatchers then appealed to the State Board. On October 18, 1989, the State Board denied

the petition for correction of error. The Hatchers filed their petition in the Indiana Tax Court on December 1, 1989.

At trial, Richard Bess, Northern Supervisor of the Real Estate Division of the State Board, testified that upon receiving the Form 133 petition (petition for correction of error)[1], he visited the Hatchers' building and discovered errors on the property record card compiled in 1979 that were correctable pursuant to Form 133; i.e., the unit size had been under-calculated, a basement was entered where there was none, and the assessment was based upon one floor instead of four. After recalculating the assessment with these errors corrected, Bess discovered the corrections increased the assessed value of the property. Bess did not alter the assessment, however, because the property did not warrant an increase in value, in his opinion. None of these errors concerned the errors raised by the Hatchers in their petition. According to Bess, he did not correct these errors because the correction would have required him to consider obsolescence, a figure derived from the assessor's subjective judgment and a factor not subject to correction by Form 133.

## ISSUE AND DISCUSSION

The issue is whether the errors raised by the Hatchers are the types of errors the legislature intended to be corrected by a petition for correction of error under IC 6–1.1–15–12(a)(7).

The State Board contends that the errors raised by the Hatchers are not mathematical errors made in computing the assessment because they cannot be corrected without referring to the assessor's subjective judgment.

The Hatchers contend that using numbers in the assessment computation which do not reflect the current value of the property constitutes a mathematical error in computing the assessment under IC 6–1.-1–15–12(a)(7). The Hatchers rely first upon the fact that three officials are required to approve a correction of a mathematical error committed in computing the

assessment. Second, the State Board's own interpretation of IC 6–1.1–15–12 indicates that the entire assessment is open for review, not just that part based upon the assessor's errors which can be corrected according to objective standards.

■ This court's review is limited to determining whether the State Board's determination is supported by substantial evidence, is an abuse of discretion, is arbitrary or capricious, or is in excess of the State Board's statutory authority. *Bailey Seed Farms, Inc. v. State Bd. of Tax Comm'rs* (1989), Ind. Tax, 542 N.E.2d 1389, 1391.

The State Board denied the petition for correction of error because it did not "qualify for action pursuant to IC 6–1.1–15–12."

IC 6–1.1–15–12 provides:

(a) Subject to the limitations contained in subsections (c) and (d), a county auditor shall correct errors which are discovered in the tax duplicate for any one (1) or more of the following reasons:

(1) The description of the real property was in error.

(2) The assessment was against the wrong person.

(3) Taxes on the same property were charged more than one (1) time in the same year.

(4) There was a mathematical error in computing the taxes or penalties on the taxes.

(5) There was an error in carrying delinquent taxes forward from one (1) tax duplicate to another.

(6) The taxes, as a matter of law, were illegal.

(7) There was a mathematical error in computing an assessment.

(8) Through an error of omission by any state or county officer the taxpayer was not given credit for an exemption or deduction permitted by law.

(b) The county auditor shall correct an error described under subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5) when he finds that the error exists.

. . . .

1. Form 133 is the form used to petition for relief under IC 6–1.1–15–12.

(d) If the tax is not based on an assessment made or determined by the state board of tax commissioners, the county auditor shall correct an error described under subsection (a)(6), (a)(7), or (a)(8) only if the correction is first approved by at least three (3) of the following officials:

(1) The township assessor.

(2) The county auditor.

(3) The county treasurer.

(4) The county assessor.

However, if two (2) of these officials do not approve such a correction, the county auditor shall refer the matter to the state board of tax commissioners for final determination.

The Hatchers' petition is based upon IC 6–1.1–15–12(a)(7).

No Indiana cases have defined the term "mathematical error" in the context it is used in IC 6–1.1–15–12, or IC 6–1.1–26–1.[2] The State Board, however, has interpreted IC 6–1.1–15–12 in its regulations and in an instructional bulletin.

50 I.A.C. 4.2–3–12 provides in pertinent part:

A taxpayer who claims that an error in an assessment entitles them to a refund must file both a Form No. 133 ... and a Form No. 17T ... for a refund.[3] A fact to keep in mind when dealing with these forms is that they are not to be used to challenge the methodology used in generating an assessment. There are appeal provisions for that purpose.

. . . .

(c) Form 133 required. Form No. 133 ... is to be filed in duplicate with the auditor of the county where the assessment was made to correct one (1) of the following errors in the tax duplicate:. . . .

(2) There was a mathematical error in computing an assessment.

In addition, Instructional Bulletin 84–7 provides:

*Example (c):* A correction is *not* available for claimed errors in judgment, such as incorrect determinations of grade, percentage of completion, or age of a structure. (§ II(A)4(c) at 4.)

To ascertain the legislature's intent, the words "mathematical error in computing an assessment" should be read in their plain, ordinary and usual sense, "unless a contrary purpose is clearly shown by the statute itself." *Marion County Sheriff's Merit Bd. v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235, 237; IC 1–1–4–1. Accordingly, the State Board refers the court to the dictionary definition of mathematical: "1. of, having the nature of, or concerned with mathematics 2. rigorously exact, precise, accurate, etc." WEBSTER'S NEW WORLD DICTIONARY 875 (2d college ed. 1984). Mathematics is "dealing with quantities, magnitudes, and forms, and their relationships, attributes, etc., by the use of numbers and symbols." *Id.* Compute is "to determine (a number, amount, etc.) by reckoning; calculate." *Id.* at 292.

Pursuant to these definitions, the legislature intended to limit the types of errors correctable by IC 6–1.1–15–12(a)(7), first, to those errors involving the incorrect use of numbers in determining the assessment; and second, to those errors which can be corrected accurately, with precision, and with rigorous exactness. It is this second category with which the Hatchers' petition is concerned, for it is not merely the incorrect use of numbers but also the assessor's subjective judgment which must be examined before many of the alleged errors can be corrected.

Many numbers derived from the assessor's subjective judgment, such as the value assigned to a building's grade, are used

---

**2.** IC 6–1.1–26–1 provides in pertinent part:

A person ... may file a claim for the refund....

(4) based upon one (1) of the following grounds:

. . . .

(ii) The taxes, as a matter of law, were illegal.

(iii) There was a mathematical error either in the computation of the assessment upon which the taxes were based or in the computation of the taxes.

**3.** The Hatchers have not filed a claim for refund because the taxes on the assessment in question have not been paid.

to compute an assessment. If the incorrect number is assigned and then used to compute the total assessment, there is an error in the computation, as the Hatchers contend. The legislature, however, chose to limit the types of computation errors correctable by IC 6–1.1–15–12(a)(7) to mathematical errors, errors which can be corrected pursuant to precise and exact standards.

Congress has enacted a statute to define the term. A "mathematical or clerical error" is

(A) an error in addition, subtraction, multiplication, or division shown on any return,

(B) an incorrect use of any table provided by the Internal Revenue Service with respect to any return if such incorrect use is apparent from the existence of other information on the return,

(C) an entry on a return of an item which is inconsistent with another entry of the same or another item on such return,

(D) an omission of information which is required to be supplied on the return to substantiate an entry on the return, and

(E) an entry on a return of a deduction or credit in an amount which exceeds a statutory limit.... 26 U.S.C.A. § 6213(g)(2).

Relying upon a statute similar to 26 U.S.C.A § 6213(g)(2), an Illinois Court of Appeals recently held, "by itself [mathematical error] denotes mistakes in computation, the type of error that is most clearly capable of summary correction...." *Department of Revenue v. Walsh* (1990), Ill. App., 196 Ill.App.3d 772, 143 Ill.Dec. 498, 502, 554 N.E.2d 433, 437. "[Q]uestions involving the classification of an error as mathematical should not normally involve extensive and complex analysis of substantive tax law." *Id.* 143 Ill.Dec. at 505, 554 N.E.2d at 440.[4]

These definitions, although addressed in a different context than a correction of errors statute, are founded upon the same principles as IC 6–1.1–15–12. A mathematical error is one for which extensive review or analysis is not required. Other statutes and procedures have been enacted to correct errors of this type. Unlike errors based upon information derived from objective standards, errors arising from an assessor's subjective judgment would not be "capable of summary correction."

If there is an objection to the subjective decisions of an assessor, review of the decision is best conducted as near to the assessment date as possible. Pursuant to IC 6–1.1–15–1, a taxpayer who disagrees with the assessment must file a petition for review with the county auditor within 30 days after notice of the official's actions. The task of reviewing the assessor's subjective judgment would be difficult at best after several years had passed since the allegedly erroneous assessment was made.

In a case similar to the present, *Red Bank Borough v. N.J. Bell Tel. Co.* (1986), 8 N.J. Tax 152, Judge Anthony Lario writing for the New Jersey Tax Court examined the New Jersey statute allowing for correction of "typographical errors, errors in transposing, and mistakes in tax assessment...." In addition, unlike IC 6–1.1–15–12, the New Jersey Act expressly provided, "The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor's opinion or judgment." N.J. STAT. ANN. § 54:51A–7 (West 1986).

In *Red Bank*, the parties sought to correct a miscalculation, an allowance of depreciation at the rate of 50 percent, the omission of a new elevator, and the incorrect classification of a building as a steel structure. The court denied relief for all of the errors except the first. Classifying the building as a steel structure was a matter of opinion correctable only after a full factual hearing to determine which classification was correct. *Red Bank*, 8 N.J.Tax at 158. "[I]t is not an obvious mistake that can be corrected by merely examining the original property record card and recalculating correct dimensions." *Id.* The court also denied the assessor's

---

4. In *Walsh*, "mathematical error" is defined in the context of determining the type of notice sent and the limitation period for sending the notice. 143 Ill.Dec. at 499, 554 N.E.2d at 434. Neither the federal statute nor the *Walsh* case concern a correction of error statute.

attempt to add the value of the elevator improvement to the assessment because its value was part of the overall value of the building, and the overall value was based upon the assessor's subjective judgment. *Id.*

The New Jersey correction of error statute and the Indiana correction of error statute have the same purpose, despite the absence in IC 6–1.1–15–12 of language preventing the county auditor from considering the assessor's opinion or judgment. Like New Jersey, Indiana provides a method to appeal the overall valuation determination, in addition to a procedure to petition for reassessment in the event the value of the property changes between general assessments. IC 6–1.1–15–1; IC 6–1.1–4–7.[5]

If IC 6–1.1–15–12 is construed to allow the Hatchers to correct errors stemming from the assessor's subjective judgment, the provisions of IC 6–1.1–4–7 would be rendered meaningless. *Faris Mailing, Inc. v. Indiana Dep't of State Revenue* (1990), Ind.Tax, 557 N.E.2d 713, 716; *State ex rel. Hatcher v. Lake Superior Court* (1986), Ind., 500 N.E.2d 737, 739. Petitioners like the Hatchers could simply ignore the deadline in IC 6–1.1–4–7 and petition under IC 6–1.1–15–12 for reassessment by characterizing the disagreement with the assessed value as a mathematical error in computing the assessment. Taxpayers would opt to proceed under IC 6–1.1–15–12 due to the absence of the March 31st deadline and the ability to obtain reassessment for past years. As the New Jersey Tax Court held when rejecting a similar attempt in *Red Bank,* "This remedial legislation [correction of error] is not to be utilized as a substitute for the orderly statutory appeal process provided by N.J.S.A. 54:3–21 to rectify an incorrect conclusion of total value." 8 N.J.Tax at 158. To find otherwise would extend the normal legislative appeal procedure by a period of four years. *Id.*

IC 6–1.1–4–7 permits a taxpayer to petition for reassessment of a particular piece of property if its value changes. By enacting one statute to allow a taxpayer to obtain reassessment and another statute to allow the correction of a mathematical error in computation, it is clear that the legislature's intent was to create separate and distinct procedures for each. *See Little Egg Harbor Township v. American Tel. & Tel. Co.* (1987), 9 N.J.Tax 314, 324. It is the "legislative intent as ascertained from an Act as a whole [which] will prevail over the strict literal meaning of any word or term used therein." *Park 100 Dev. Co. v. Indiana Dep't of Revenue* (1981), Ind., 429 N.E.2d 220, 222 (citing *State v. George* (1980), 273 Ind. 26, 401 N.E.2d 680).

The Hatchers contend that requiring at least three officials to approve corrections made under IC 6–1.1–15–12(a)(7) in IC 6–1.1–15–12(d) indicates the legislature intended that the auditor not only consider errors based upon mere addition and subtraction, but also errors concerning the entire assessment, including policy questions and issues requiring judgment determinations. This contention is without merit. Subsections (a)(6), (a)(7), and (a)(8) clearly involve more difficult questions than do subsections (a)(1) through (a)(5). Computing an assessment is much more involved than computing the tax. The errors that could be committed pursuant to (a)(1) through (a)(5) resemble clerical errors. Subsections (a)(6), (a)(7) and (a)(8) concern more than clerical errors. Nevertheless, merely because (a)(6), (a)(7) and (a)(8) involve more difficult issues does not mean that judgment determinations can be reviewed. As stated above, other statutes provide this type of relief.

The Hatchers further contend that based upon the State Board's published Instructional Bulletin, and 50 I.A.C. 4.2–3–12, the entire assessment is open for correction when a Form 133 petition is filed, which

---

**5.** IC 6–1.1–4–7 provides in pertinent part:
A petition for the reassessment of a particular parcel or parcels of real property may be filed with the state board of tax commissioners on or before March 31st of any year which is not

a year in which a general reassessment of real property becomes effective. The petition must state the specific reason for the reassessment.

further evidences a legislative intent not to limit petitions filed under IC 6–1.1–15–12 to errors correctable by objective standards. 50 I.A.C. 4.2–3–12 provides in pertinent part:

(a) If a taxpayer files a petition for correction of error (Form 133) ... with respect to either a real property or a personal property assessment, they open that entire assessment to review. If errors other than those identified by the taxpayer are found in the process of review, they can be corrected, regardless of the net effect on the assessment.

Instructional Bulletin 84–7 provides the following example:

*Example:* A taxpayer filed a Form No. 133 claiming that because of a mathematical error his assessment should be reduced by $5,000. The reviewing authorities confirm the error claimed by the taxpayer, and also discover a different mathematical error that resulted in a $7,000 assessment error against the taxpayer. The net correction under the Form No. 133 is an increase of $2,000. (§ IV at 6.)

■ This language does not appear in IC 6–1.1–15–12. The court holds that the only errors subject to correction by Form 133 are those which can be corrected without resort to subjective judgment. These corrections operate both ways, that is, corrections raising the assessment are also permitted. To interpret the Instructional Bulletin and the regulation as permitting the auditor to reassess the property would be an impermissible expansion of the provisions of IC 6–1.1–15–12. The State Board's regulations

cannot enlarge or vary, by the operation of such rules, the powers conferred upon them by the Legislature, or create a rule out of harmony with the statute. If the rules are in conflict with the state's organic law, or antagonistic to the general law of the state ... they are invalid. *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of Revenue* (1987), Ind. Tax, 512 N.E.2d 906, 910 (quoting *Potts v. Review Bd. of Indiana Employment*

*Sec. Div.* (1982), Ind.App., 438 N.E.2d 1012, 1015–16 (citations omitted).

The court therefore affirms the State Board's determination that errors arising from an assessor's judgment do not constitute mathematical errors in computing the assessment pursuant to IC 6–1.1–15–12(a)(7). The State Board's determination is according to law, is not arbitrary or capricious, and is not an abuse of discretion.

■ The court's holding may entitle the Hatchers to relief, however, from errors which can be corrected without resort to subjective judgment and according to objective standards. This standard manifests itself in Instructional Bulletin 84–7, which provides:

An entry was made on the PRC [Property Record Card] with respect to a physical feature, and the fact that the entry was in error can be determined by a visual inspection of the structure or the land. Grounds for a correction do not exist if the entry was in any way based on the judgment of the person who made the entry.

*Example (a):* An entry was made for a fireplace where none exists.

*Example (b):* An entry was made for a full basement where only a crawl space exists.

*Example (c):* A correction is *not* available for claimed errors in judgment, such as incorrect determination of grade, percentage of completion, or age of a structure. (II(4) at 3–4.)

If Form 133 can be used to correct an error indicating a fireplace where none existed, then Form 133 also can be used to correct an error indicating, for instance, a furnace where one no longer exists.

The reason the type of correction provided by the fireplace example is within the purview of errors correctable by IC 6–1.1–15–12(a)(7) is because it can be judged and corrected objectively through a visual inspection. If a fireplace exists, then it is assessed. If no fireplace exists, then its value can be subtracted from the computation. Similarly, for any other item that

exists and a value is assigned to that item by the property record card, if the item no longer exists, then the auditor should be permitted to subtract that value, as well.

The alleged errors in the case at bar occurred after 1984, when the assessment computation indicated that certain stolen items existed when in fact they did not. IC 6–1.1–15–12 does not require that the error be committed by the assessor in the general reassessment. The only requirement is that an error be committed and that it be discovered on the tax duplicate. A taxpayer need not wait until an auditor discovers the error, but may file Form 133 to bring the error to the auditor's attention. For the State Board to refuse to correct errors alleged and shown to exist which are similar to the examples set forth in Instructional Bulletin 84–7 is arbitrary and capricious.

Accordingly, this cause is remanded to the State Board to determine if there are any errors which can be corrected pursuant to objective standards consistent with this opinion.