BOCK PRODUCTS, INC., Petitioner,

v.

INDIANA STATE BOARD OF
TAX COMMISSIONERS,
Respondent.

No. 49T10–9605–TA–00040.

Tax Court of Indiana.

July 18, 1997.

David L. Pippen, Curtis Dickinson, Dickinson & Abel, Indianapolis, for Petitioner.

Jeffrey A. Modisett, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Bock Products, Inc. (Bock) appeals the State Board of Tax Commissioners' (State Board) final determination of its real property assessment for 1989 and 1990. Bock filed two Form 133 Petitions for Correction of Errors, alleging that mathematical errors occurred when the assessor calculated the Perimeter to Area Ratio (PAR), calculated the Base Rate, and failed to apply Instruction Bulletin 91–8 to its real property. The issue before this Court is whether Form 133 is the appropriate petition for challenging these types of errors.

## FACTS AND PROCEDURAL HISTORY

Bock owns real property in Elkhart County, Indiana. Bock appealed assessments for the years 1989 and 1990 by filing Form 133 Petitions with the County Board of Review. Bock stated that there were mathematical errors in computing the assessment in each year. Specifically, Bock argued that the Perimeter to Area Ratio (PAR) was incorrectly computed, that an improper base rate had been applied, and that the "kit building" adjustment described in Instructional Bulletin 91–8 should have been made.

The County Board of Review denied Bock's Form 133 Petitions, and Bock timely appealed to the State Board. The State Board rejected Bock's petition on November 1, 1995, stating the "kit building" adjustment was not available for years prior to 1991. Bock then submitted argument in support of its Form 133 Petitions on November 2, 1995. On March 15, 1996, the State Board denied the petitions, finding that they did not qualify for action under IND.CODE ANN. § 6–1.1–15–12 (West 1989). Bock filed an original tax appeal on April 29, 1996, challenging the State Board's final determination. The State Board then filed a motion for partial summary judgment on January 3, 1997. Bock responded with its own motion for summary judgment on February 5, 1997. Additional facts will be provided as needed.

## STANDARD OF REVIEW

This Court gives the decisions of the State Board great deference, and its final determinations are reversed only when the decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *Bender v. State Bd. of Tax Comm'rs*, 676 N.E.2d 1113, 1114 (Ind.Tax Ct.1997).

■ Summary judgment is appropriate only when no genuine issues of material fact exist and a party is entitled to judgment as a matter of law. IND.TRIAL RULE 56(C). Cross motions for summary judgment do not alter this standard. *Roehl Transp., Inc. v. Department of State Revenue*, 653 N.E.2d 539, 541 (Ind.Tax Ct.1995).

## DISCUSSION AND ANALYSIS

The petition at issue in this case is the Form 133 Petition for Correction of Errors, which is governed by section 6–1.1–15–12. This statute states:

[A] county auditor shall correct errors which are discovered in the tax duplicate for any one (1) or more of the following reasons:

(1) The description of the real property was in error.

(2) The assessment was against the wrong person.

(3) Taxes on the same property were charged more than one time in the same year.

(4) *There was a mathematical error in computing the taxes or penalties on the taxes.*

(5) There was an error in carrying delinquent taxes forward from one tax duplicate to another.

(6) *The taxes, as a matter of law, were illegal.*

(7) *There was a mathematical error in computing an assessment.*

(8) *Through an error of omission by any state or county officer the taxpayer was*

*not given credit for an exemption or deduction permitted by law.*

IND.CODE. ANN. § 6–1.1–15–12(a) (West 1989) (amended 1993 & 1995) (emphasis added). In this case, Bock does not specify the subsection under which it challenges its assessment. Bock simply maintains that the errors are correctable via Form 133, and refers generally to the subsections emphasized above.

■ This Court has held that subsection 6–1.1–15–12(a) provides an avenue for correcting objective mistakes in an assessment, not errors in subjective judgment. *See Franchise Realty Corp. v. State Bd. of Tax Comm'rs*, 682 N.E.2d 832, 834 (Ind.Tax Ct.1997), *Bender*, 676 N.E.2d at 1115, *Williams Indus. v. State Board of Tax Comm'rs*, 648 N.E.2d 713, 717 (Ind.Tax Ct.1995), *Hatcher v. State Bd. of Tax Comm'rs*, 561 N.E.2d 852, 857 (Ind.Tax Ct.1990), Thus, "[t]he only errors subject to correction by Form 133 are those which can be corrected without resort to subjective judgment." *Id.* Regarding subsection 12(a)(7) in particular, this Court has found that the legislative intent of that provision is to limit mathematical errors to those "involving the incorrect use of numbers in determining the assessment" and "errors which can be corrected accurately, with precision, and with rigorous exactness." *Id.* at 854.

### PAR Calculations

The PAR is one element used to determine the commercial cost of a structure. The State Board's regulations explain how to calculate the PAR. IND. ADMIN. CODE tit. 50, r. 2.1–4–1 (1992), IND. ADMIN. CODE tit. 50, r. 2.1–4–3 (1992). The PAR is defined as:

the total linear feet in the perimeter of a building divided by the corresponding square foot area and multiplied by 100 to convert to a whole number.

IND. ADMIN. CODE tit. 50, r. 2.1–4–1. In addition to these simple mathematical computations, the regulations also provide for adjustments. Adjustments are available for a building's use, its framing, and the number of stories it has. *Id.* These calculations often require an assessor to make a qualitative

judgment, such as in the case of a mixed use building.

In this case, the assessor found that the building was used for mill manufacturing and light warehousing. Instead of calculating one PAR for the entire building, the assessor computed the PAR for different areas of the structure based upon its use. As a result, a PAR of 3 was assigned to the mill manufacturing area and one of the areas used for light warehousing, while another area used for light warehousing was assigned a PAR of 2. Resp't Br. at 5.

■ In its appeal to the State Board, Bock alleged that the PAR was calculated incorrectly. Without explanation or further investigation, the State Board issued a Final Assessment Determination that dismissed Bock's allegation. They stated that Form 133 could not be used in the appeal because "the calculation of the PAR is a subjective determination." Resp't Mot. Summ. J. at Ex. E–1 & E–2. This is not enough action on the part of the State Board. In addition, it is a misapplication of the law.

■ "The State Board is charged with the responsibility of interpreting the property tax laws and of ensuring that property assessments are made in the manner proscribed by law." *Vonnegut v. State Board of Tax Comm'rs*, 672 N.E.2d 87, 89 (Ind.Tax Ct.1996). Furthermore, this duty is not merely a goal, but an obligation owed to the taxpayers. *Bielski v. Zorn*, 627 N.E.2d 880, 885 (Ind.Tax Ct.1994). Here, the State Board has failed in that duty. As can be seen from the above definition, the calculation of a PAR does involve some objective measurements (such as calculating the total linear feet of a building's perimeter). If those objective measurements are challenged, then a Form 133 is the appropriate avenue by which a taxpayer can challenge their assessment. If, however, the taxpayer is challenging a subjective component of the PAR determination (such as calculating different PARs for different use areas), then a Form 133 petition is not appropriate. In any event, a Form 133 challenge *may* be appropriate in a dispute over the PAR calculation. To determine if it is, the State Board must

investigate the claim. It failed to do so in this case.

This is not to say that the State Board is incorrect here. Bock may be trying to appeal something that involves the subjective judgment of the assessor, but the State Board needs to investigate the County Board's findings in order to determine this. If there are objective errors, then the State Board should make corrections. There is nothing in the record that indicates why Bock's petition was dismissed. The Court must be able to determine from the record whether the assessed value was calculated correctly. *Corey v. State Board of Tax Comm'rs*, 674 N.E.2d 1062, 1066 (Ind.Tax Ct.1997). The record presently before the Court is inadequate for this purpose. As such, the decision is both unsupported by substantial evidence and arbitrary.

■ It should be noted that the taxpayer has the burden of proof in these appeals. *Bender*, 676 N.E.2d at 1114. In order to meet this burden, the better practice would have been for Bock to state specifically what was in error. While this is not required by law, it certainly would behoove a taxpayer to bear this in mind. Had Bock been specific in its 133 petition as to what was in error, Bock could have saved the parties in this case a great deal of time and trouble. Instead, Bock merely scrawled at the bottom of the form "Improper calculation of PAR." Resp't Mot. Summ. J. at Ex. A–1 & A–2. Even its follow-up letter of November 2, 1995 stated only that "[t]he perimeter/area ratio is incorrectly calculated according to the Board's regulations." Resp't Mot. Summ. J. at Ex. D. Perhaps had Bock specifically stated what was wrong with the PAR calculation, and indicated with detail what it believed the correct calculation should be, the State Board would have been given some indication as to whether or not the claim was indeed objective. Even assuming that the State Board dismissed the case and it was appealed to this Court, a decision informed by the taxpayer's evidence could have been made at this stage. As it stands, this Court can only remand this case back to the State Board for further proceedings—proceedings limited to those errors which involve objective corrections and not subjective judgments.

### Base Rate Calculations

■ Similar to the PAR, the calculation of the Base Rate is another element used in determining the commercial cost of a structure. The State Board's regulations explain how to determine the Base Rate. IND. ADMIN. CODE tit. 50, r. 2.1–4–3(a) (1992). The Base Rate for a structure is established by applying the models and "base square foot unit rates" found in Schedule A. *Id.* In recognition of the fact that not all structures will conform exactly with the Schedule A models, the regulations also include Schedule C— Base Price Interior Components and Adjustments. IND. ADMIN. CODE tit. 50, r. 2.1–4–3(c) (1992). The sub-schedules contained in Schedule C indicate those items that are to be included in the Base Rate, and those that are to be deducted "from the base rate where appropriate." *Id.*

As with its appeal of the PAR, Bock alleged that the Base Rate was calculated incorrectly. Again, without explanation or further investigation, the State Board issued a Final Assessment Determination that dismissed Bock's allegation, stating that "the selection of the base rate is a subjective determination." Resp't Mot. Summ. J. at Ex. E–1 & E–2. As stated above, this is not enough action on the part of the State Board, and it constitutes a misapplication of the law.

As in the case of the PAR, Base Rate calculations may also involve objective determinations. As such, errors in those calculations are reviewable via a Form 133 petition. In its follow-up letter of November 2, 1995, Bock indicated that its objection to the Base Rate calculations involved deductions for absent "partitioning, heating, finish & lighting, for [sic] which the Board has adjusted for in the past." Resp't Mot. Summ. J. at Ex. D. This is precisely the type of uncomplicated "true or false finding of fact" that is correctable via a Form 133. *Bender*, 676 N.E.2d at 1115. As this Court explained in *Hatcher:* "If a fireplace exists, then it is assessed. If no fireplace exists, then its value can be subtracted from the computation. Similarly, for any other item that exists and a value is

assigned to that item by the property record card, if the item no longer exists, then the auditor should be permitted to subtract that value, as well." 561 N.E.2d at 857–58. In this case, if certain items are not present in the building as Bock alleges, then the appropriate deductions should be made as provided by the State Board's regulations. This type of correction does not require an assessor to use his subjective judgment—it merely requires a grasp of the obvious. In any event, Form 133 is appropriate in this situation. Therefore, the issue is remanded back to the State Board for further action.

### Bulletin 91–8

■ Bulletin 91–8 was issued to correct the problems encountered by assessors in the application of Indiana Administrative Code tit. 50, r. 2.1–4–3. The bulletin identified pre-engineered, pre-designed structures (kit-type buildings) and provided for a 50% reduction in the base rate for such buildings. Resp't Mot. Summ. J. at Ex. 3.

Bock contends that the kit-type building adjustment should be applied to its property. However, that adjustment was not available to taxpayers for 1989 and 1990. Contrary to Bock's claim, the Bulletin itself indicates that it is not to be applied retroactively. Furthermore, as an amendment to the State Board's regulations, the Bulletin may only be applied prospectively. *Mahan v. State Board of Tax Comm'rs*, 622 N.E.2d 1058, 1062 (Ind.Tax Ct.1993). Since the bulletin was not issued until 1991, it was not in effect for the years at issue in this case. For 1989 and 1990, an equivalent base rate reduction could be accomplished only through a grade reduction—a process that requires an assessor to use qualitative, subjective judgment. *Id.* at 1064. Accordingly, a Form 133 petition could not be used to cure any defects made in grading.

### CONCLUSION

As to whether Instruction Bulletin 91–8 may be used in this case, the determination of the State Board is AFFIRMED. The State Board is entitled to judgment as a matter of law, and therefore, summary judgment is GRANTED in favor of the State Board and against Bock.

To the extent that the corrections sought to be made in the PAR and Base Rate calculations are objective, they are correctable via a Form 133 Petition. Bock is entitled to judgment as a matter of law, and therefore, summary judgment is GRANTED in favor of Bock and against the State Board on the issue of whether those errors are correctable by a Form 133 petition. For the above stated reasons, this case is REMANDED to the State Board for further consideration consistent with this opinion.