**WARECO ENTERPRISES, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9606–TA–00066.

Tax Court of Indiana.

Dec. 4, 1997.

Publication Ordered Dec. 18, 1997.

Curtis J. Dickinson, David L. Pippen, Dickinson & Abel, Indianapolis, for Petitioner.

Jeffrey A. Modisett, Attorney General, and Vincent S. Mirkov, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Wareco Enterprises, Inc. (Wareco) appeals the State Board of Tax Commissioner's (State Board) final determination of its real

property assessment for 1989, 1990 and 1991. Wareco filed three Form 133 Petitions for Correction of Errors, alleging that mathematical errors occurred when the assessor calculated the Perimeter to Area Ratio (PAR), calculated the Base Rate, and failed to apply the appropriate Physical Depreciation Table to its real property. The issue before this Court is whether Form 133 is the appropriate petition for challenging these types of alleged errors.

## FACTS AND PROCEDURAL HISTORY

Wareco is an Indiana corporation that owns real property in Mishawaka, Indiana. On June 11, 1992, and on June 16, 1992, Wareco appealed taxes for the years 1989, 1990 and 1991 by filing three Form 133 Petitions for Correction of Errors with the St. Joseph County Auditor. (Joint Ex. 1).[1] Hearing Officer Carl Edwards was assigned to review Wareco's petitions. The Hearing Officer physically inspected the property, and as a result of that inspection, Edwards recommended that the State Board correct errors he found in the assessment. (Tr. at 6, 13).

Despite the Hearing Officer's recommendations, on March 15, 1996, the State Board issued Final Assessment Determinations, rejecting the Hearing Officers' findings. The State Board declared that the assessments either were originally correct or, alternatively, that the errors made were not correctable using Form 133. (Joint Ex. 1). A hearing was held before this Court on June 4, 1997, after Wareco's timely appeal. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court gives the decisions of the State Board great deference, and its final determinations are reversed only when the decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *Bock Prods., Inc. v. State Bd. of Tax Comm'rs*, 683 N.E.2d 1368, 1369 (Ind.Tax Ct.1997).

1. Joint Exhibit 1 is the Transcript of Proceedings before the State Board. As the pages of the Exhibit are not numbered, the particular docu-

## DISCUSSION AND ANALYSIS

■ Taxpayers bear the burden of proving the inaccuracy of an assessment. *Bock*, 683 N.E.2d at 1371. To carry that burden, a taxpayer must make a prima facie case, "or one in which the evidence is sufficient to establish a given fact and which if not contradicted will remain sufficient." *GTE North, Inc. v. State Bd. of Tax Comm'rs*, 634 N.E.2d 882, 887 (Ind.Tax Ct.1994).

In the case at bar, the Hearing Officer testified that he measured the perimeter of the subject building. (Tr. at 57–58). His measurement and recalculation of the PAR revealed errors in the prior assessment. (Tr. at 9–10). Hearing Officer Edwards recommended that the State Board correct the errors he found. (Pet.Ex. 1; Tr. at 6). Further, the Hearing Officer testified that he used a different methodology to calculate the PAR than did the County Board. (Tr. at 9, 20).

The Hearing Officer testified that there are portions of the subject building that have no heat. (Tr. at 12, 51). He also testified that an adjustment for a lack of heat would be necessary for a correct and proper base price for the subject building. Additionally, regarding the Base Rate, the Hearing Officer stated that an adjustment would be necessary to account for amounts of partition wall which are presumed to exist in the model building, but do not exist in the subject building. (Tr. at 13, 49; Pet.Ex. 1).

Regarding the application of the physical depreciation table, Hearing Officer Edwards testified that the subject building is a low-cost, light manufacturing, pre-engineered steel building. (Tr. at 20, 47). Furthermore, he testified that a light manufacturing, low-cost building should properly be depreciated from the 30–year life table. (Tr. at 20); IND. ADMIN CODE tit. 50, r. 2.1–5–1 (1992) (repealed and codified at IND. ADMIN CODE tit. 50, r. 2.2–10–7 (1996)).

An agent of the State Board itself, Hearing Officer Edwards determined the facts and law establish errors in the assessment of

ments contained therein will be referred to in context and the citation will be to the entire Exhibit.

Wareco's property for the tax years 1989, 1990 and 1991. Wareco, of course, agrees with the Hearing Officer's determination of error and has provided this Court with substantial evidence documenting each of those errors. What remains for the Court to determine, then, is whether each of those errors is correctable via a Form 133 Petition to Correct Error.[2]

## PAR Calculations

■ The PAR is one element used to calculate the commercial cost of a structure. PAR is defined as:

> The total linear feet in the perimeter of a building divided by the corresponding square foot area and multiplied by 100 to convert to a whole number. The effective perimeter of the building is defined as the total linear feet of *exterior walls* that are part of, and therefore to be priced with a particular building or building section. The area is defined as the total square foot surface of a building.

IND.ADMIN.CODE tit. 50, r. 2.1–4–1 (1992) (emphasis added) (repealed and codified at IND.ADMIN.CODE tit. 50, r. 2.2–10–2 (1996)).

The regulation further states that when pricing a building with mixed use, mixed framing, or mixed wall heights, the computation of PAR for the entire building should be performed, *then*, adjustments to the pricing schedule should be made to reflect these variations in use, framing or wall height. *Id.* Thus, although the use framing costs, type costs, or wall height costs differ, the PAR is the same. The only elements necessary for a calculation of PAR, by the clear language of the regulations, is measurement of the exterior walls and calculation of the total square foot area of the building. These are objective measurements. While separate sections may be treated differently for pricing, the regulations provide that the PAR for the entire building does not change. This conclusion is only logical when the regulation's clearly stated purpose is analyzed:

> The PAR is simply a means of converting a per lineal foot price into *easily measured* square foot units.

*Id.* (emphasis added). PAR, then, measures how efficiently the building space is used. "A rectangular building requires a larger amount of perimeter walls than a square building to encompass the same amount of floor area." *Id.* The PAR calculation translates this reality to a measurable, and taxable, ratio.

The Hearing Officer found the PAR incorrect as calculated for the subject building. (Tr. at 9–10). The State Board's only response to the taxpayer's allegation (and the Hearing Officer's verification) of an error in the calculation of the PAR was the State Board's Final Assessment Determination stating "the perimeter to area ratio is a subjective determination and therefore not correctable" using a Form 133. The State Board bases this assertion on the fact that PAR can be calculated using the entire building or can be done in sections. Because the Hearing Officer calculated PAR differently from the County Board, and because he determined the PAR by an alternate method, the County Board calculation of PAR was never tested for accuracy. (Tr. at 56, 59). The Court has previously rejected such a cursory response by the State Board as failing in its duty to investigate the claim. *Bock,* 683 N.E.2d at 1370.

The "section method" by which some assessors calculate the PAR is an alternative method aimed at simplifying the calculations for the entire building. Use of the "section method" requires an assessor to use percentages to avoid double taxation of interior or partition walls. (Tr. at 49–50). While choice of methodology is subjective, the calculation of PAR under either method is objective. Once a methodology is chosen, the calculation should be the same—total lineal feet of exterior walls divided by total square foot area of the building, multiplied by one hundred. IND.ADMIN.CODE tit. 50, r. 2.1–4–1. The Hearing Officer determined that there was an error in the PAR and recommended it be changed. (Pet.Ex. 1; Tr. at 49). In this case, the State Board should recalculate the PAR using the County Board's methodology

---

2. This Court has held that IND.CODE ANN. § 6–1.1–15–12(a) requires the correction of objective errors in an assessment. *See Bock,* 683 N.E.2d at 1372; *Hatcher v. State Bd. of Tax Comm'rs,* 561 N.E.2d 852, 857 (Ind.Tax Ct.1990). This Court held that "[t]he only errors subject to correction by a Form 133 are those which can be corrected without resort to subjective judgment." *Id.*

in order to determine whether it was done correctly.[3] This issue is remanded to the State Board.

### Base Rate Calculations

■ As with its appeal of the PAR, Wareco alleged that the Base Rate was calculated incorrectly. Again, the State Board's Final Assessment Determination stated that Base Rate calculations involve subjective determination. (Joint Ex. 1). Building models establish the Base Rate and tax value of a building that is presumed to have the same interior and mechanical components as the model. IND.ADMIN.CODE tit. 50, r. 2.1–4–3. (repealed and codified at IND.ADMIN CODE tit. 50, r. 2.2–10–6.1 (1996)). To adjust for variations between the structure and the model, the State Board's regulations provide schedules showing the costs of components. *Id.* For any item to which value is assigned, but does not exist in the subject building, the value assigned should be subtracted. *See Hatcher,* 561 N.E.2d at 852.

Wareco's building was assessed from the light manufacturing model as defined by the regulations. (Tr. at 20; Pet. Ex. 1, 3). However, the building does not contain each of the components presumed to exist by the model. The Hearing Officer testified that there is no heat in sections of the building. He further testified that the building does not have the amount of partition wall presumed to exist in the light manufacturing model. (Tr. at 12, 13, 20, 49, 51).

Furthermore, the Hearing Officer testified that an error in the calculation of the PAR would result in an error in the calculation of the base rate. (Tr. at 45). If the calculation of the PAR for Wareco's building was in error, then the base rate would also be in error.

The property record card and assessment assigned to Wareco's building the value of certain items that it does not have. A determination of whether components contained in the base model are present in the actual property "is precisely the type of uncomplicated 'true or false finding of fact' that is correctable via a Form 133." *Bock,* 683 N.E.2d at 1371 (citing *Bender v. State Bd. of Tax Comm'rs,* 676 N.E.2d 1113, 1115 (Ind. Tax Ct.1997)). "For the state board to refuse to correct errors alleged and shown to exist which are similar to the examples ... is arbitrary and capricious." *Hatcher,* 561 N.E.2d at 858.

### Application of the Physical Depreciation Tables

■ Physical depreciation recognizes a loss in value due to "wear and tear and disintegration." IND.ADMIN.CODE tit. 50, r. 2.1–5–1 (1992) (repealed). The State Board's regulations provide:

> To apply physical depreciation the assessor must identify the correct economic life table.
>
> > 30 year: ... *light pre-engineered buildings,* ...
> >
> > 40 year: ... all fire resistant buildings not listed elsewhere....

*Id.* (emphasis added).

As the Court has recently discussed, the State Board must investigate the claim of error to determine whether the taxpayer is challenging objective determinations or subjective determinations. In *Bock,* the Court refused to allow the State Board to deny review of an alleged error merely because some subjective determination may be required. 683 N.E.2d at 1370–71. The Court held that where errors in objective determinations have been made, those errors are reviewable via a Form 133 petition. *Id.* at 1372.

The testimony and evidence from the State Board's own Hearing Officer demonstrate that the Wareco's building is a low cost, pre-engineered, light manufacturing building. (Tr. at 20, 47). Following that determination, an uncomplicated application of the State Board's regulations required an application of the 30–year life depreciation table. (Tr. at 14–15). The regulations specifically provide that "light pre-engineered buildings" are depreciated according to the 30–year life table. *See* IND.ADMIN.CODE tit. 50, r. 2.1–5–1

---

**3.** It would have been helpful if Wareco had made what it thought were the correct calculations on their Form 133 petitions in order to alert the State Board as to the particular error alleged. Had Wareco been more specific as to what was in error, this issue may have been resolved without resorting to the Tax Court. As this Court stated in *Bock,* "[w]hile this is not required by law, it certainly would behoove a taxpayer to bear this in mind." 683 N.E.2d at 1371.

(repealed). For the building to fall under the 40–year life table, which has been applied by the State Board, the subject building would have to be classified as a fire resistant building "not listed elsewhere." *Id.* No subjective determination is required to see that the building is listed under the 30–year life table and by the requirements of the regulations, the building must be depreciated using the 30–year life table. IND.ADMIN.CODE tit. 50, r. 2.1–5–1 (repealed). The failure to review this error is arbitrary, capricious, and a violation of law.

## CONCLUSION

For the above stated reasons, this case is REMANDED to the State Board for further consideration consistent with this opinion.

## *ORDER*

Comes now the Petitioner, Wareco Enterprises, Inc., by counsel, and files "Verified Motion for Publication of Memorandum Decision." More than ten days has elapsed since said Verified Motion was filed and no response to same has been received from the Respondent.

Accordingly, the Court, having examined this matter and being duly advised, now finds that the Petitioner's "Verified Motion for Publication of Memorandum Decision" should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Petitioner's "Verified Motion for Publication of Memorandum Decision" is granted and this Court's opinion heretofore handed down in this cause on December 4, 1997 marked "Not For Publication" is now ordered published.